**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:12CV-P149-R**

**THOMAS RIDGEWAY**                                                                                    **PLAINTIFF**

**v.**

**COMMONWEALTH OF KENTUCKY** *et al.*                                              **DEFENDANTS**

**MEMORANDUM AND ORDER**

Thomas Ridgeway, an inmate at the Boyle County Detention Center, initiated this *pro se* civil action by filing a "Motion for Entry of New Case Civil Complaint Filing." Ridgeway stated that he "respectfully move[d] this court to issue order moving this action into the federal legal process of this court Thomas Ridgeway v. Marshall County Municipal Court et al. as a new case." He also requested the Court to "send me the Pro-Se civil complaint forms needed for me to proceed." Because it was unclear whether Ridgeway sought to file a civil rights complaint pursuant to 42 U.S.C. § 1983 or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Court entered an Order (DN 3) directing the Clerk of Court to send him a form for filing both types of actions and ordered him to re-file his action on the appropriate form within 30 days. The Court also ordered Ridgeway to pay the appropriate filing fee or to file an application to proceed without prepayment of the filing fee.

**I.**

Ridgeway did not re-file his action on an approved form. Instead, he filed a "motion for Court appointed representative counsel" (DN 4). To the extent that Ridgeway is attempting to bring a civil action under 42 U.S.C. § 1983, Ridgeway is not entitled to appointment of counsel. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code,

Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

Ridgeway raises no arguments that demonstrate "exceptional circumstances" which would warrant appointment of counsel. The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this stage in the litigation.

To the extent that Ridgeway is attempting to file a habeas action under 28 U.S.C. § 2254, "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a) of the Rules Governing § 2254 Cases. Otherwise, appointment of counsel in a § 2254 action may be provided when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In determining whether appointment of counsel is required for prisoners seeking habeas relief . . ., the court should consider the factual and legal complexities of the case, the prisoner's ability to investigate and

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (Emphasis added).

present claims, the existence of conflicting testimony, and any other relevant factors." *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

The request for appointment of counsel is premature. Since Ridgeway has not filed a § 2254 petition and therefore no response has yet been filed in this action, the Court is without the information needed to determine the extent of necessary discovery, if any, at this early stage in the litigation. Consequently, the Court does not believe that the interests of justice require the appointment of counsel at this early stage.

For the foregoing reasons, **IT IS ORDERED** that Ridgeway's motion for appointment of counsel (DN 4) is **DENIED**.

## II.

The Court will give Ridgeway one final opportunity to comply with its prior Order and to re-file the action on a Court-approved form and to pay the filing fee or file an application to proceed without prepayment of fees. Accordingly, the **Clerk of Court is DIRECTED** to send Ridgeway both a 42 U.S.C. § 1983 and a 28 U.S.C. § 2254 packet. **IT IS ORDERED that Ridgeway shall re-file his action on the appropriate form within 30 days of entry of this Order.**

The fee for filing a 42 U.S.C. § 1983 complaint is $350.00, and the fee for filing a 28 U.S.C. § 2254 petition is $5.00. **IT IS FURTHER ORDERED that Ridgeway shall tender the appropriate filing fee or file an application to proceed without prepayment of fees along with a certified copy of his prison trust account statement within 30 days** from entry of this Order.

3

The **Clerk of Court is DIRECTED** to send Ridgeway a blank prisoner application to proceed without prepayment of fees and affidavit form.

Should Ridgeway wish to pay the filing fee, checks shall be made payable to **Clerk, U.S. District Court** and mailed to the following address:

> Office of the Clerk
> United States District Court
> Western District of Kentucky
> 601 West Broadway, Ste. 106
> Louisville, KY  40202-2249

**Ridgeway is WARNED that failure to re-file his action on a Court-approved form and to tender the filing fee or file an application to proceed without prepayment of fees within 30 days may result in dismissal of the action.**

Date:

cc:     Ridgeway, *pro se*
4413.010